IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 6:08-467-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| James Rueben Brockman, | ) | |
| Movant. | ) | |

This matter is before the court on James Ruben Brockman's ("Brockman's") motion to reconsider his sentence pursuant to 18 U.S.C. § 3582. For the reasons set forth below, the court summarily denies the motion.

On July 17, 2008, Brockman pled guilty to conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base, 500 grams or more of cocaine, or 100 grams or more of heroin in violation of 21 U.S.C. 841 (b)(1)(B); possession of a firearm by a felon in violation of 18 U.S.C. § 922 (g)(1); and operating a stash house in violation of 21 U.S.C. § 856(a)(1). The government filed a motion for a downward departure. On May 5, 2009, United States District Judge Henry F. Floyd sentenced Brockman to seventy-two (72) months imprisonment, followed by five (5) years of supervised release. Judgment was entered on May 5, 2009. Brockman did not file a direct appeal. In the instant motion, it appears Brockman is seeking a reduction in his sentence based upon the Fair Sentencing Act of 2010 ("FSA") and Amendment 750 to the United States Sentencing Guidelines ("U.S.S.G."), which reduced the offense levels for certain crack cocaine offenses.[1]

---

[1] Brockman's entire motion consists of a letter asking the court to review his "3582" motion and an attachment which appears to be a copy of a document from an unspecified source addressing sentence reductions based upon amendments to the

Pursuant to 18 U.S.C. § 3582(c), a district court generally "may not modify a term of imprisonment once it has been imposed." A district court may modify a term of imprisonment only in very limited circumstances. 18 U.S.C. § 3582(b), (c). Specifically, § 3582(c)(2) allows modification of a term of imprisonment only if: "(1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Vinnie*, 2012 WL 992113 (W.D.Wash. 2012)(internal citations omitted); *accord* U.S.S.G. § 1B1.10(a) (the policy statements). In a case where the statutory mandatory minimum is greater than the maximum of the applicable guideline range, "the statutorily required minimum sentence shall be the guideline sentence. " U.S.S.G. § 5G1.1(b)

In *United States v. Hood*, 556 F.3d 226, 235–36 (4th Cir. 2009), the Fourth Circuit Court of Appeals addressed a similar situation where a defendant sought a sentence reduction following an amendment to the guidelines. In *Hood*, the defendant was sentenced to less than the mandatory minimum following the government's motion for substantial assistance. The Fourth Circuit held that because the defendant's sentence was not based on a sentencing range lowered by the Sentencing Commission, it was therefore not subject to modification pursuant to § 3582(c)(2). *Id*.; *United States v. Freeman*, 2012 WL 178354 W.D.Va. 2012)(*citing Hood*). *See also United States v. Surratt*, 2011 WL 5925306, at *1 (3d Cir. Nov. 29, 2011) ("A defendant is not eligible for a reduction under § 3582(c)(2) if another statute or provision, such as a statutory mandatory minimum, controls the defendant's

---

U.S.S.G. and the FSA. Brockman has not included any argument specifically related to him. The court is liberally construing his letter as a motion for a reduction under 18 U.S.C. § 3582 based upon the FSA and Amendment 750.

2

sentence." (*citing United States v. Doe*, 564 F.3d 305, 312 (3d Cir.2009)). The same is true here.

Brockman remains subject to the ten year statutory mandatory minimum, which is unaffected by the guideline amendments. Thus, the guidelines still call for a sentence of 120 months. U.S.S.G. § 5G1.1(b). Accordingly, Amendment 750 does not lower the applicable guideline range, and Brockman is ineligible for a sentence reduction. Accordingly, relief under § 3582(c)(2) is unavailable to Brockman and his Motion for a Sentence Reduction (Dkt. # 582) is **DENIED**.

To the extent that a certificate of appealability is applicable to the present action, the court denies a certificate of appealability. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

April 18, 2012
Greenville, South Carolina